Lawrence, J.
I am of the opinion that the two sons of George S. Mickle are entitled to the whole of the principal fund now in the hands of the plaintiff, as trustee, under the last will and testament of Rachel Miller, deceased, and that the defendant Lizzie Mickle, who was the third wife and is the widow of George B. Mickle, is not entitled to any portion thereof.
The will of Rachel Miller, who died on the 7th of October, 1848, contained the following provisions:
“ Fourthly, I give, devise and bequeath to my grandson, George Benjamin Mickle, the income, rents and profits of my store and lot of ground known as number 110 Water street, in the city of Mew York, with its appurtenances, to be received by my said ■executors and trustees and applied to his use for and during his natural life. And I do order and direct that the legal estate, title and interest in my said store and lot of ground number 110 Water street, so as aforesaid given to the said executors and trustees, shall cease and determine immediately upon the decease of my grandson, George Benjamin; and I thereupon give and devise the said store and lot of ground number 110 Water street in said city to such person or persons as shall then be the heirs-at-law of my said grandson, respectively, in such parts, shares and proportions as such heirs would have been then respectively entitled thereto and therein by law if my said grandson, George Benjamin, had been seized thereof in fee simple at the time of his death as an inheritance on the part of his mother, and he had died intestate, and they had inherited the same from my said grandson. Fifthly. All the rest and residue of my estate, both real and personal, I give, devise and bequeath as follows, to wit: The rents, issues, dividends, interest and profits of the said residue bf my estate to be received by my said executors and trustees, and as to one-fourth thereof to be applied to the use of my said grandson, George Benjamin, for and during his natural life And I do order and direct that the legal estate, title and interest in the said ■one-fourth of the rest and residue of my estate, both real and personal, and the interest and profits thereof, so as aforesaid given to the said executors and trustees, to be applied to the use of my said grandson for life, as aforesaid, shall cease and determine immediately upon the decease of my said grandson, George Ben *751 jamin, and I thereupon after his decease give, devise and bequeath all his said one-fourth part of the said rest and residue of the said trust estate then being in the hands of my said executors and trustees, the survivor or survivors of them, their heirs, legal representatives or successors, to such person or persons as shall then be the heirs-at-law and next of kin of my said grandson, George Benjamin Mickle, respectively, in such shares and proportions as, having regard to the form in which said estate shall then exist, such heirs and next of kin would have been then respectively entitled thereto and therein by law if my said grandson had been seized thereof in fee simple as an inheritance on the part of his mother, or possessor of the same, and he had died intestate, and they had inherited or become entitled thereto from my said grandson, George Benjamin Mickle.”
The widow, Lizzie Mickle, cannot be considered either as an heir at law or as one of the next of kin of her husband. The cases of Keteltas v. Keteltas, 72 N. Y., 312; Murdock v. Ward, 67 id., 387; Luce v. Dunham, 69 id., 36, and Tillman v. Davis, 95 id., 17, if there could have heen any doubt upon this subject, are decisive of the question.
In Keteltas v. Keteltas, 72 N. Y., 312, the provision in the will in question was as follows: '
“ I direct my executors to apportion, divide and pay the rest, residue and remainder of my estate, after providing as above directed, 'to, between and among my next of kin, according to the statute of the state of New York now in force concerning the distribution of personal estates of intestates, in like manner as though I had died intestate.”
Earl, J., said: “ The primary object in construing wills is to. ascertain the intention of the testator, * * * but the intention is not a matter of speculation or arbitrary conjecture. It is. sought for in the language used, and when language or a certain collocation of words has once received judicial construction, precedents are formed which are followed in later cases. It is a general rule of construction that when a testator uses technical , words he is presumed to employ them in their legal sense, * * The important words to be construed here are 1 next of kin.’ * * * There is nothing in the other clauses of the will which throws any light upon this, and the language used in this must therefore be construed by itself. The objects of the testator’s bounty in this clause were his next-of kin, and there is nothing in the context which shows that he intended to include his widow. That she is therefore excluded is no longer an open question in this court In Murdock v. Ward, 67 N. Y., 387, * * * the claim was made there as here that the widow was included in the term next of kin, and it was held there, after a review of many authorities, that as there was nothing in the context to show that the widow was intended to be included, the words next of kin must have their primary meaning and include only blood relations. * * That case was subsequently followed in Luce v. Dunham, 69 N.Y., 36, where the residuary estate was disposed of in the following language: ‘ I give, devise and bequeath, *752 and do desire and will that the same shall be divided among my heirs and next of kin in the same manner as it would be by the laws of the state of New York had I died intestate.’ The claim of the widow to share in the personal estate as one of the next of kin was again rejected. In both of the cases cited it was held that the language used in connection with the words ‘next of kin,’ relating to the statute of distribution in case of intestacy, did not enlarge the meaning of these words. We can perceive no material distinction between the language used in those cases and that used in this.”
In Tillman v. Davis, 95 N. Y., 17, personal estate was given to the heirs of a person named.
Earl, J., said : “ In this state it has uniformly been held when the question has arisen for consideration in the courts, so far as we are able to discover, that the word ‘ heirs ’ applied to the succession of personal estate means next of kin, and that the words next of kin do not include a widow or husband of an intestate.”
After reviewing the cases above cited, Earl, J., continued: “ These authorities, it seems to me, leave little more to be said. There is no reason for holding the word 1 heirs,’ when applied to personal estate, has a broader or more comprehensive signification than the words ‘ next of kin.’
By the Code of Civil Procedure, the term “ next of kin ” does not include a surviving husband or wife. See §§ 1870 and 2514.
The case of Betsinger v. Chapman, 88 N. Y., 495, does not determine that the term “ next of kin ” primarily includes a widow. It held that those words, as used in the provision of the Revised Statutes (2 R. S., 114, § 9), authorizing the next of kin entitled to. share in the distribution of the estate of a deceased person to commence an action against the executor or administrator, include the widow of the intestate.
That the court did not hold, or intend to hold, that the widow would be included in the term “ next of kin ” or “ heir at law ” as •ordinarily used in wills, statutes, or other written instruments, unless there was something in the context of the instrument under interpretation showing that such inclusion was intended, is apparent from the language used by Andrews, Oh. J., at pages 493-494. I fail to discover any such intention from a perusal of the will of Mrs. Miller, and am, therefore, obliged to adhere to the authorities above cited.
I have read the elaborate briefs presented by the counsel for Mrs. Mickle, but cannot accede to the proposition which he seeks to maintain, that there is anything in the will which shows an intention on the part of the testatrix that the widow of George Benjamin Mickle should, either as “ heir at law or%ext of kin,” upon his death, take any share in the property, real and personal, devised and bequeathed in trust for his use and benefit during his life. The plaintiff is entitled to judgment as demanded in his complaint, and the defendants, Andrew H. and George B. Mickle, are entitled to judgment awarding to them the whole of the principal estate.
*753 Counsel will prepare and hand in findings and a decree in accordance with these views.
Henry G. Harris, for app’lt; J. W. Weed, for resp’t.
Ingraham, J.
There is nothing in the will to construe which this action is brought to show that the testator had a different intention than that expressed by the legal meaning of the words “ heirs at law and next of kin ” as used by him in the will; and the meaning of those words has been settled in this state by the' case of Keteltas v. Keteltas, 72 N. Y., 312.
The able and exhaustive opinion of the learned judge at special term renders any further discussion of the question involved unnecessary, and for the reasons stated by him in his opinion the judgment should be affirmed, with costs.
O’Brien, J., concurs; Van Brunt, P. J., concurs in result