In the Matter of ——— BOCK and Others.

Supreme Court, Richmond County, April 14, 1925.

**Dower — deed of trust provided for payment of one-half of income from one share to donor's son — deed provided that on death of son said share should be conveyed to persons who, under laws of State, would take real property in same proportion as though son died intestate — widow of son is entitled to dower in share set apart for his benefit.**

Under a deed of trust, which provides that one-half of the income from one share shall be paid to the grantor's son for life and that upon the death of the son said share shall be conveyed to the person or persons who would, under the laws of the State of New York, take the son's real property in the same proportion as if he had died intestate, the widow of the son is, on his death, entitled to dower in the share set apart for his benefit.

APPLICATION by the trustees under a trust deed made by one George Alter, Sr., now deceased, to settle their account.

*C. A. Marshall*, for the trustees.

*Charles B. Dullea*, special guardian.

*Edward Seguine*, for Mrs. William Alter.

HAGARTY, J.:

The special guardian objects to the allowance by the trustees of dower in the share set apart for George Alter's son, William Alter, to . William's widow. Under the deed the trustees were directed to sell, lease or mortgage the real property therein granted and to pay the net income to the grantor during his lifetime, and upon his death to divide his estate into nine equal shares and " to receive the rents and profits of the real property and the net income of the personal property (resulting from the sale of any real property) of which each of the remaining shares may consist, and after paying the taxes and other lawful charges thereon, pay the net rents, profits and income as follows: Of one share during the life of William Alter, a son of said party of the first part, one-half to said William Alter, and the other half to Caroline Alter, his wife, for the support of their daughter Anna * * *; and upon the death of said William to convey and pay the said share to the person or persons who would under the laws of the State of New York take his real property in the same proportions as if he had died

intestate seized of said share." William Alter left him surviving his wife Caroline, and his daughter Anna. Had the trust deed provided merely that the disposition should be governed by the law of descent, the rule laid down in the case of *Luce* v. *Dunham* (69 N. Y. 36) would no doubt control. The right to dower, however, is conferred by statute (Real Prop. Law, § 190), and provides that " a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage." It must, therefore, be assumed that the grantor had this in mind as a part of the law which was to determine the person or persons who were to " take " upon William's death. The use of the word " take " by the grantor is particularly apt, since Bouvier in his definition of the word says that it may signify " to be entitled to." Had William died intestate, seized of the share, it would have descended to his daughter Anna, subject to the widow's right of dower. The special guardian's objection is overruled. I will hear counsel at a time convenient to them on the question of allowances and the form of the decree.