Arthur D. Brennan, J.
The petitioner trustee, appointed as such trustee by an order of this court, dated May 14,1924, moves: (1) for an order settling and allowing its final account herein; and (2) for a direction as to the person or party to whom the trustee should now pay over the undistributed principal remaining on hand in and under said trust.
With respect to the second above item of relief sought herein, all parties are. agreed that the same calls for a construction of paragraphs “ third ” and “ sixth ” of the last will and testament of Elizabeth Mary Ludlow who died a resident of the Town of Rye in this county on February 14, 1904. From the papers submitted hereon, it appears that on June 9, 1903, the date of said will, the said testatrix (who was then a widow) was not residing with her daughter (and from her will, it seems she then had only one daughter) but she, with her grandson, his wife and his son, all resided together in the home of said testatrix located on Kirby Avenue, in the said Town of Rye. Further, at the date of said will, the said grandson, Henry Livingston Center, had one child, a son, Edward Livingston Center, who was 5 years of age; and on that date, the wife of said grandson was carrying a child who was born on September 10, 1903. When the testatrix died on February 14, 1904, the only real property then owned by her in this county consisted of her aforesaid home. No one asserts that when she made her aforesaid will (about 8 months prior to her death) she owned any other realty in this county and in this court’s view, it may fairly be inferred that when, in paragraph “ third ” of her said will, the testatrix mentioned her “ real estate situated in the County of Westchester in this State ”, she was referring only to her aforesaid home at Rye, New York.
Said paragraph ‘ ‘ third ’ ’ of said will provided as follows: ‘ ‘ third : I give and devise all of the real estate situated in the County of Westchester in this State, of which I may be seized or to which I may be entitled at the time of my decease, to my grandson henry Livingston center, to have and to hold the same for and during the term of his natural life and after his death to my great grandson edward livingston center, or failing his survivorship, to his oldest brother or sister for and during the term of his or her natural life, and after his or her *1065 death, to his or her lawful issue, in equal shares, (per stirpes and not per capita) in case he or she shall leave any him or her surviving, or failing such lawful issue, to the lawful issue (per stirpes and not per capita) of my said grandchild nina ward, absolutely and forever. ’ ’
And paragraph ‘ ‘ sixth ’ ’ of said will, provided, as follows: “ sixth: All the rest, residue and remainder of my property and estate of every description, real and personal and wherever situated, which I may be seized or possessed of or to which I may be entitled at the time of my decease, I give to my daughter Virginia w. blanohard and to my granddaughter nina ward, in equal shares. In the event of the decease of my said daughter in my lifetime, then I give the whole of said rest, residue and remainder to my said granddaughter nina. In the event of the death of my said granddaughter in my lifetime, then the share of said rest, residue and remainder of my estate, which would have gone to my said granddaughter had she survived me, I give to the issue of my said granddaughter living at the time of my decease, in equal shares.”
It also appears that Henry Livingston Center, the testatrix’ aforesaid grandson died in 1918. In April of 1924, the aforementioned Edward Livingston Center presented a petition to the Supreme Court of this county wherein he stated, among other things, that the said home at Rye, N. Y., was the only realty in Westchester County of which the testatrix had died seized; that his father, who was the first life tenant of said home, had died in 1918; that upon the death of his father, the petitioner “ came into possession of the above described premises as life tenant and has been receiving the net rents and profits since that date ” (i.e. the date of his father’s death); and that since the subject premises were in need of repairs and since there had been a gradual decrease in the net return therefrom, the best interests of the life tenant and of the remaindermen and all persons interested in said premises required that a sale of said property be made and approved. On May 14, 1924, an order approving the sale of said premises was made and entered; the premises were sold; and in said order the net proceeds were directed to be paid to the petitioner bank, as trustee. Further, in and by said order, the said trustee was authorized to invest the net proceeds of sale and to pay the net income to Edward Livingston Center for life and upon his death, the trustee was directed to pay over and distribute the principal to and among “ the remaindermen or other persons that may then be entitled thereto in accordance with the order of the Court upon an accounting.”
*1066 Edward Livingston Center died, a resident of New York County, on or about January 29, 1957 and the trustee has made and filed its final account herein. Upon this final accounting, the trustee suggests that the principal of the trust should pass and be paid to the residuary legatees (or their respective distributees) named in paragraph “ sixth ” of the will of the aforementioned testatrix. The executrix of the estate of Edward Livingston Center contends that by the terms of the above paragraph “ third ” of the will of Elizabeth Mary Ludlow, the latter intended to vest Edward Livingston Center with the fee absolute in and to the aforesaid home at Bye, and that the principal remaining in the trust should be paid to said executrix to the end that she may dispose of the same in accordance with the terms of the will of said Edward Livingston Center.
In this court’s opinion the aforesaid suggestion by the trustee and the aforesaid contention by the executrix of the estate of Edward Livingston Center may not be sustained. It seems to be well established that the intention of a testator is to be ascertained by what was apparently or presumably in his contemplation at the time he made his will; that the testator’s intent should be resolved by an analysis of the words employed in his will when read in the light of the pertinent surrounding circumstances existing at the date of the will; and that once the intention of the testator has been ascertained, it should be obeyed. (Matter of Hoffman, 201 N. Y. 247; Matter of McCafferty, 142 Misc. 371, affd. 236 App. Div. 678, and Keteltas v. Keteltas, 72 N. Y. 312.) With these principles in mind and upon a careful consideration of the above-mentioned surrounding circumstances existing at the time Elizabeth Mary Ludlow made her aforesaid will, as well as the provisions of the same, this court is of the view:
(a) That said testatrix intended to dispose of her home located at Bye, N. Y., solely by the terms and provisions of paragraph “ third ” of her said will;
(b) That by said paragraph ‘ ‘ third ’ ’ she intended to give a first life estate in and to said realty to her said grandson, a second life estate to the oldest child of her said grandson who survived said grandson, and that upon the death of said oldest child, the fee of or remainder in and to said realty should vest in the issue of said oldest child but if said oldest child should leave no issue surviving, the said fee or remainder should vest in the issue of her granddaughter, Nina Ward;
(c) That the limiting phrase “ for and during the term of his or her natural life” (appearing in said par. “third”) was *1067 intended to and does apply to the second life tenant whether such tenant be the aforesaid Edward Livingston Center, who did survive his father, or whether such tenant be the next oldest surviving child (of Henry Livingston Center) who would have been the second life tenant if Edward Livingston Center had not survived his father, the first life tenant; and
(d) That the other phrase “ and after his or her death, to his or her lawful issue in case he or she shall leave any him or her surviving * * * absolutely and forever ” (also appearing in said par. “third”) was intended to and does apply to such oldest surviving child (of Henry Livingston Center) who might prove to be the second life tenant under the contingencies mentioned in item “ (c) ” above.
In the light of the views expressed in items “ (c) ” and “ (d) ” aforesaid, it is not necessary to determine whether those portions of the petition and order of the 1924 proceeding for leave to sell the aforesaid premises were or are res judicata with respect to the present claim of fee ownership made by the executrix of the estate of Edward Livingston Center. In fact, the said views expressed in said items “ (c) ” and “ (d) ” are in accord with the above-mentioned statement made in 1924 by Edward Livingston Center who, in presenting his petition for leave to sell the former home of Elizabeth Mary Ludlow did therein describe himself to be the life tenant of the premises which were the subject of said paragraph “ third ” of the will of Elizabeth Mary Ludlow, and of which premises his father had been the first life tenant.
It appears that when Edward Livingston Center died, a resident of New York County, on or about January 29, 1957, he left surviving him one child, an adult daughter, Susan Center Brown of New Orleans, La. This court therefore holds that she is entitled to receive the undistributed principal remaining on hand in and under the subject trust and that said principal should be paid over to her by the trustee herein.
Turning now to the matter of the trustee’s final account herein, it may be observed that no objections have been made or filed with respect to the same. Said final account has been examined and having been found to be proper and correct, the said final account is settled and approved, as filed and as corrected or amended by the affidavit of Harry R. Marshall, sworn to on March 19,1958. The trustee is allowed the principal and income commissions as computed and set forth on schedules “ F ” and “ K ”, respectively, of the account. An allowance to the attorney for the trustee will be fixed in the order to be entered hereon; said attorney should submit an affidavit of his services and *1068 should state the reasonable amount of the fee he seeks. Copies of said affidavit together with copies of the order to be entered hereon with notice of settlement of said order should he served upon the attorney for the executrix of the estate of Edward Livingston Center and upon Susan Center Brown.