JOHN G. KING, trustee, *vs.* HENRY SAVAGE & others.

Essex. Nov. 9. — 14, 1876. COLT, DEVENS & LORD, JJ., absent.

A testator by his will made several bequests, and, in every case in which he gave an estate for life, gave the remainder over to the children of the life tenant, and in no case gave anything to the issue of such a child, otherwise than by providing that, if the child had deceased, its issue should take the share of their deceased parent. The will also contained a bequest for the benefit of the four children of the testator's sister during their lives, "and upon the decease of either of them, the principal of his or her share shall be equally divided among the heirs at law of such deceased person." By a codicil this bequest was revoked, and a bequest substituted therefor, for the benefit of three of the children of the same sister for life, "and upon the decease of either of them, the principal of his or her share shall be divided among the issue of such deceased person, and if he or she leave no issue, then among their heirs at law." *Held,* that "issue," in the codicil, meant children, to the exclusion of the issue of a child still living.

BILL IN EQUITY by the trustee under the will and codicil of Oliver Hubbard, to obtain the instructions of the court. The will was dated December 2, 1848, and contained, besides other provisions not material to be stated, the following :

"First. I give and bequeath unto John G. King, of said Salem, Esquire, the sum of two thousand dollars, upon this trust, that he shall keep the same at interest, and pay the net annual income thereof to my niece, Mrs. Mary A. Saunders, widow of Jonathan P. Saunders, late of said Salem, during her life, and, at her decease, my said trustee shall divide the said sum equally among all her children, and the issue of any deceased child to take the share of their parent.

"Second. I give and bequeath unto the said trustee the sum of two thousand dollars, upon this trust, that he shall keep the same at interest, and pay the net annual income thereof to Mary Cleveland, wife of William S. Cleveland, to her sole and sep-

arate u.e and upon her separate receipts, during her life, and upon her decease my said trustee shall divide the same equally among her children."

"Sixth. I give and devise unto my trustee aforesaid the undivided half part of the dwelling-house in Harbour Street in said Salem, which was devised by my late sister Catharine H. Savage in trust for the benefit of her daughter Sarah W. Savage, which I purchased of her trustee, upon the following trust, that he shall permit my niece, Mrs. Jane C. De M. Thatcher, to hold, occupy and enjoy the same during her natural life, to her own use, and at her decease my trustee shall divide the same equally among her three children, the issue of any one of who may have deceased to take the share of their deceased parent.

"And as to all the rest, residue and remainder of my estate and property real and personal of every name and nature, I give and bequeath the same, as follows, viz. :

"One fifth part thereof to the children of my late sister Mary Brown, in equal portions, the issue of any deceased child to take the share of their deceased parent.

"One fifth part thereof unto Hubbard Leech, of Sandwich, in New Hampshire, in trust that he shall divide the same equally among the six children of my late sister Lydia Leech, of Moultonborough in New Hampshire, the issue of any one of them who may have deceased to take the share of their deceased parent.

"One fifth part thereof to said John G. King, Esq., of said Salem, upon the following trust, that he shall keep the same at interest, and pay the annual income thereof unto my said niece Mary A. Saunders, during her natural life, and upon her decease my said trustee shall divide the same equally among her children, the issue of any deceased child to take their parent's share.

"One other fifth part thereof to said King, in trust, that he shall keep the same at interest, and pay the annual income thereof unto my grand niece Mary Cleveland, wife of said William S. Cleveland, during her life, to her own separate use, and upon her own separate receipts, and upon her decease my said trustee shall divide the said sum equally among her children.

"And the other fifth part thereof to said King, in trust, that he shall keep the same at interest, and pay the annual income

thereof in equal portions to and among the four children of my late sister Catharine H. Savage, during their natural lives, and, upon the decease of either of them, the principal of his or her share shall be equally divided among the heirs at law of such deceased persons."

The codicil, dated April 19, 1849, was as follows : " I hereby revoke and annul the bequest and devise of the fifth part of the residue of my estate in trust for the benefit of the children of my late sister Catharine H. Savage, which is contained on the 3d page of my said last will, and substitute the following in the place of it, namely : And the other fifth part of the residue of my estate and property I give to John G. King of said Salem, my trustee in said will named, upon this trust, that he shall pay and divide the net income of said fifth part every year to and among Samuel Phillips Savage, Mrs. Jane C. De M. Thatcher and Sarah W. Savage, who are three of the children of my late sister Savage, during their natural lives ; and upon the decease of either of them, the principal of his or her share shall be divided among the issue of such deceased person, and if he or she leave no issue, then among their heirs at law."

The bill alleged that Jane C. De M. Thatcher and Sarah W. Savage were dead, and their shares had been distributed ; that Samuel Phillips Savage died on October 11, 1874; that he had two sons, George Savage and Henry Savage, and two grandchildren, George H. Savage and Emily K. Savage, children of Henry; that Henry and his two children were living at the time of the death of Samuel, and that George, as the trustee was informed and believed, had been absent from the Commonwealth for many years, and whether he was still living, or whether he had any children or issue living at the time of the decease of Samuel, the trustee was ignorant.

The question presented by the bill was whether Henry Savage was entitled to receive the entire principal of his father's share to the exclusion of his children, or whether the principal sum should be divided into three equal parts, and paid to Henry, George H. and Emily K. respectively.

The defendants appeared and filed answers, admitting the facts alleged in the bill, and alleging that George Savage died in China in 1861, leaving no children or issue. The answer of

Henry Savage claimed the whole of the trust estate in the hands of the plaintiff. The answer of George H. and Emily K. Savage claimed each one third of the trust estate.

The cause was heard upon the bill and answers by *Endicott*, J., and reserved for the consideration of the full court.

*A. L. Huntington*, for the grandchildren.

*A. S. Wheeler*, for Henry Savage.

GRAY, C. J. In every case in which this testator by his will gave an estate for life, he gave the remainder over to the children of the life tenant, and in no case gave anything to the issue of such a child, otherwise than by providing that if the child had deceased, its issue should "take the share of their deceased parent." In such a provision, the word "issue" would be limited to children. *Sibley* v. *Perry*, 7 Ves. 522. *Pruen* v. *Osborne*, 11 Sim. 132. And, by the devise for the benefit of the four children of his sister, Mrs. Savage, during their lives, "and upon the decease of either of them, the principal of his or her share shall be equally divided among the heirs at law of such deceased person," the heirs would take *per stirpes*, according to the statute of distributions. *Daggett* v. *Slack*, 8 Met. 450. *Tillinghast* v. *Cook*, 9 Met. 143. Under either provision, the issue of a child still living would take nothing.

The codicil is to be read in connection with, and as part of, the will, and is to receive the same construction, except so far as a different intention is clearly manifested. *Lamb* v. *Lamb*, 11 Pick. 371. The inevitable inference is, that in the clause which substitutes, for the devise for the benefit of the four children of Mrs. Savage, a devise for the benefit of three of those children for life, "and upon the decease of either of them, the principal of his or her share shall be divided among the issue of such deceased person, and if he or she leave no issue, then among their heirs at law," the testator intended that the word "issue" should be likewise limited to children, to the exclusion of the issue of a child still living. *Edwards* v. *Edwards*, 12 Beav. 97.

*Decree for Henry Savage.*