NICHOLAS F. PALMER et al., Executors, etc., Respondents, *v.* MATTHEW HORN et al., Appellants.

The will of H. gave to his executors such portion of his estate as should be necessary to carry out certain specified purposes, among them the following : " To divide the sum of $20,000 into as many shares as there shall be lawful issue of my deceased nephew Matthew Horn, living at my death, and to invest the same and apply the interest and income from each of said shares to the use of each of said children respectively, and as they respectively depart this life, to pay over the principal of said share to their lawful issue, share and share alike." At the time of the exe. cution of the will and of the death of the testator, there were living three children of said Horn, and seven grandchildren, two of them children of a deceased daughter. In an action for a construction of the will, *held,* that the provision did not include the grandchildren, either the children of the deceased child or of the living children ; and that they took no interest under it.

'Argued March 1, 1881 ; decided March 15, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made the first Monday of January, which affirmed a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 20 Hun, 70.)

This action was brought by plaintiffs as executors of the will of Francis B. Hegemen, deceased, to obtain a construction of certain clauses in his will. The only one in question here was the seventh clause which is set forth in the opinion, with the facts pertaining thereto.

*Milton A. Fowler* for appellant.  The word " children " as used in the will is to be construed as meaning issue. (*Prowitt* v. *Rodman*, 37 N. Y. 42–58 ; *Mowatt* v. *Carow*, 7 Paige, 328.) In construing wills, the law favors that construction which will not tend to the disinheriting of heirs, unless the intent to do so is clearly expressed.  That construction is to be adopted which inclines to the side of the inheritance of the children of a deceased child, who would be the natural heirs in the absence of a will. (*Scott* v. *Guernsey*, 48 N. Y. 106 ; *Lynes* v. *Townsend*, 33 id. 558 ; *Low* v. *Harmony*, 72 id. 408–414 ; 1 Redf. on Wills, 4, 5 ; *Ayerson* v. *Ayerson*, 3 Den. 461 ; 4 Kent, 419 ; *Rowe* v. *Underhill*, 4 Hun, 130 ; *Pemberton* v. *Parker*, 5 Binn. 601 ; *Bowne, Trustee,* v. *Underhill*, 4 Hun, 130.) When the word " issue " is used as a word of purchase, all the issue who can claim as descendants of the person to whose issue the bequest is made will be entitled equally, whether parents, children, or grandchildren. (*Davenport* v. *Hanberry*, 3 Ves. 257 ; *Freeman* v. *Parley*, 1 id. 421 ; *Bernard* v. *Montague*, 1 Meriv. 424 ; *Pemberton* v. *Parker*, 5 Binn. 601.)

*John Reynolds* for respondents.  Neither Matthew Horn's deceased daughter Elmira, nor any of his grandchildren are included in the bequest in question. (*Rathbone* v. *Dyckman*, 3 Paige, 26 ; *Keteltas* v. *Keteltas*, 72 N. Y. 314, 315 ; *In re Hopkins' Trusts*, L. R., 9 Ch. Div. 131 ; *Carter* v. *Bentall*, 2 Beav. 551 ; *Baker* v. *Bayldon*, 31 id. 209 ; *Peel* v. *Catlow*, 9 Sim. 372 [1838] ; *McGregor* v. *McGregor*, D. F. & J. 63 [1859] ; *Ellis* v. *Selby*, 7 Sim. 352 ; *In re Mercerons' Trusts*, L. R., 4 Div. 182 ; *Hampson* v. *Brandwood*, 1 Mad. 388 ; *Hopson* v. *Commouwealth*, 7 Bush [Ky.], 647 ; *Thompson* v. *Luddington*, 104 Mass. 193 ; *Magaw* v. *Field*, 48 N. Y. 668.) The expression " issue " or " lawful issue " primarily and usually denotes " children " only. (2 Redf. Law of Wills, 37–38, note 5 ; id. 42, 43, §§ 7, 8, 9 ; id. 37, note 5, 38, 40, 42, 43 ; *Ralph* v. *Carrick*, L. R., 11 Ch. Div. 873 ; *Earl of Orford* v. *Churchill*, 3 V. & B. *a.* 67.)  The expression " child " or " children " has the single definite meaning of immediate

descendants or immediate issue. (2 Redf. Law of Wills [ed. 1876], 15, 16, 17, 18, 19 ; *Feet* v. *Van Atta,* 21 N. J. Eq. 84 [1870] ; *Master of the Rolls in* [1799] ; *Reeves* v. *Bryner,* 14 Ves. Jr. 698 ; *Sherman* v. *Sherman,* 3 Barb. 387 ; *Magaw* v. *Field,* 48 N. Y. 668 ; *Lawrence* v. *Hebbard,* 1 Bradf. 255 ; *In re Goodman's Trusts,* 22 Alb. L. J. 272.) The one single case in which " children " will be held to include " grandchildren " is where there are no " children " to take, and unless grandchildren are permitted to take the intent of the testator would be completely frustrated and the bequests inoperative. (*Earl of Orford* v. *Churchill,* 3 V. & B. a, 69 ; *Mowatt* v. *Carow,* 7 Paige, a, 333 ; *In re Parker, Bentham* v. *Wilson,* 43 L. T. Rep. [N. S.] 115 ; *Prowitt* v. *Rodman,* 37 N. Y. 42 ; 2 Redfield's Law of Wills [ed. 1876], 15, 16, note ; *Harris* v. *Lloyd,* Turn. & Russ. 310 ; 2 Redf. Law of Wills, 18 ; *Bentham* v. *Wilson,* 43 L. T. Rep. [N. S.] 115 ; *Wilson's Trusts,* L. R., 1 Eq. Cases, 264 ; *Gardner* v. *Heyer,* 2 Paige, 14 ; *Beachcroft* v. *Beachcroft,* 1 Mad. 430 ; *Collins* v. *Hoxie,* 9 Paige, 81 ; *In re Hopkins' Trusts,* L. R., 9 Ch. Div. 131 ; *Hone* v. *Van Schaick,* 3 N. Y. 538, 540.) Almira Berry herself, the deceased mother of the two grandchildren, never took, or could take any thing under the will, since she was dead four years before the will was made. (*Magaw* v. *Field,* 48 N. Y. 668 ; *Teed* v. *Morton,* 60 id. 506 ; *De Lassus* v. *Gatewood,* 22 Alb. L. J. 335 ; *Kelsey* v. *Ellis,* 38 L. T. R. [N. S.] 471.)

EARL, J. This action was brought to obtain a construction of the will of Frances B. Hegeman, deceased. The seventh clause of the will only needs consideration upon this appeal, and that is as follows : " To divide the sum of twenty thousand dollars into as many shares as there shall be lawful issue of my deceased nephew, Matthew Horn, living at my death, and to invest the same and apply the interest and income from each of said shares to the use of each of the said children respectively, and as they respectively depart this life to pay over the principal of said share to their lawful issue, share and share alike."

The will was executed in 1876, and the testatrix died in 1877. At both dates there were living three children of Matthew Horn, the defendants, Mrs. Sutton, Mrs. Haight and Mrs. Ely. Another child of Matthew, Mrs. Berry, died in November, 1872, leaving two children, the appellants, Nellie Berry and Charles Berry, who at the death of the testatrix were under eight years old.

Mrs. Sutton, Mrs. Haight and Mrs. Ely claim that they are the "lawful issue" and "children" of Matthew Horn intended by the seventh clause of the will; and it is claimed on behalf of the two infant appellants that they also are included among "the issue" and "children" of Matthew, within the meaning of that clause. The Supreme Court has determined that they are not so included; and whether that determination is right, is the sole question for our solution.

The word "issue" is an ambiguous term. It may mean descendants generally or merely children; and whether in a will it shall be held to mean the one or the other, depends upon the intention of the testator as derived from the context or the entire will, or such extrinsic circumstances as can be considered. (*Doe ex dem. Cannon* v. *Rucastle*, 8 C. B. 876; *Ralph* v. *Carrick*, L. R., 11 Ch. Div. 873; *Earl of Orford* v. *Churchill*, 3 Ves. & B. 59, 67.) In England, at an early day, it was held, in its primary sense, when not restrained by the context, to be co-extensive and synonymous with descendants, comprehending objects of every degree. But it came to be apparent to judges there that such a sense given to the term would in most cases defeat the intention of the testator, and hence in the latter cases there is a strong tendency, unless restrained by the context, to hold that it has the meaning of children. It will at least be held to have such meaning upon a slight indication in other parts of the will that such was the intention of the testator. (2 Jarman on Wills [R. & T. ed.], 635; 2 Redf. on Wills [2d ed.], 34, 37 and note.) And substantially the same rule of construction prevails in this country. In 4 Kent's Com. 278, in a note, the learned chancellor said: "The term *issue* may be used either as a word of purchase or of limitation, but

it is generally used by the testator as synonymous with child or children."

Here it is clear from indications found in this will, that the testatrix used the term "issue" as synonymous with children. She did so in several clauses of the will, and in the very clause under consideration the words "said children" refer to the "lawful issue" before specified. By the word "children" the testatrix herself has interpreted the word "issue."

A case very much in point is *In re Hopkins' Trusts* (L. R., 9 Ch. Div. 131). In that case a testator by his will gave a fund to trustees, in trust for the lawful *issue* of F. H. surviving him, equally to be divided between them, if more than one, and if but one, then for such only *child*, with a gift over in default of issue of F. H. The issue of F. H. who survived him were a son, a daughter, four children of the son, and six children of a deceased daughter. It was held that by the use of the word "child" the testator had himself interpreted the word "issue," and that the word "issue" must be restricted to children, and that the fund should go in moieties to the surviving son and daughter. In *Baker* v. *Bayldon* (31 Beav. 209), a testator gave legacies to his nieces, with power to his executors to settle them on his nieces for life, and at their deaths for the benefit of their "issues." He also gave them his residue, with like power to settle it on his nieces and for the benefit of "their respective children," as provided with respect to the legacies. It was held that the testator, by the subsequent use of the word "children," had explained what he meant by the word "issues," and that the children of nieces took, to the exclusion of grandchildren. (See, also, *King* v. *Savage*, 121 Mass. 303, and *Taylor* v. *Taylor*, 63 Penn. 484.)

But the further claim is made that the word "children," in the seventh clause, was used in an enlarged sense, and was intended to include all the "issue" of Matthew Horn, immediate and remote, and hence the infant appellants. But such a construction would be unwarranted. It is a general rule that the word "children" must be understood, in wills, in its primary sense and simple signification, when that can be done, and always

when there are any persons in existence at the date of the will, or before the devise or legacy takes effect, answering such meaning of the term. Where the term has received a larger and more extensive construction, as synonymous with issue, it has generally been based upon something in the will, unless it resulted, as just intimated, from the fact that there were no children in existence. The rule is well stated thus in *Mowatt* v. *Carow* (7 Pai. 328) : " The word ' children,' in common parlance, does not include grandchildren, or any others than the immediate descendants in the first degree of the person named as the ancestor. But it may include them where it appears there were no persons in existence who would answer to the description of children, in the primary sense of the word, at the time of making the will; or where there could not be any such at the time or in the event contemplated by the testator; or where the testator has clearly shown, by the use of other words, that he used the word ' children' as synonymous with descendants, or issue, or to designate or include illegitimate offspring, grandchildren or stepchildren." (See, also, *Feit's Exrs.* v. *Vanatta*, 21 N. J. Eq. 84; *Reeves* v. *Brymer*, 4 Ves. 698; *Magaw* v. *Field*, 48 N Y. 668.)

Here there are children of Matthew Horn to take. There is nothing in the context or extrinsic circumstances to show that the word " children " was used in an enlarged sense. The infant appellants are not disinherited by giving the word its primary sense, as they were not heirs of the testatrix, and were so remotely related that they would have taken none of her estate if she had died intestate. We have no means of ascertaining whether the testatrix had them in mind when she made her will, and actually intended that they should share in her bounty. It is enough to know that the language used, properly construed, does not include them.

The construction contended for would certainly defeat the intention of the testatrix, because that would bring in the three children of Mrs. Sutton, and two children of Mrs. Ely, all living at the date of the will, as well as the two appellants, to share equally with Mrs. Sutton, Mrs. Haight and Mrs. Ely; and

thus the bequest in the seventh clause would be divided into ten shares, and the children of her nephew would be placed on a footing of equality with his grandchildren. It cannot be supposed that she intended such a disposition of her bounty.

The will was properly construed by the court below, and its judgment should be affirmed, with one bill of costs to the respondents who appeared in this court, to be paid out of the estate.

All concur. ·

Judgment affirmed.