KINGS COUNTY.—HON. J. I. BERGEN, SURROGATE.— April, 1885.

TAFT *v.* TAFT.

*In the matter of the estate of* JONATHAN T. WELLS, *deceased.*

The word "issue," in a will, where no light is thrown upon its meaning by the context or extrinsic circumstances, must be construed to denote the lineal descendants, in the first degree, of the ancestor indicated, to the exclusion of remoter kindred.

Palmer v. Horn, 88 *N. Y.*, 519—followed.

CONSTRUCTION of will upon executors' accounting. The facts are stated in the opinion.

ALMET F. JENKS, *for executors.*

A. R. DYETT, FRED'K BELTZ, *and* E. P. SCHELL, *for objectors.*

THE SURROGATE.—This contest arises upon the judicial settlement of the accounts of Andrew W. Kent, executor of the last will and testament of Jonathan Tremaine Wells, deceased. The items to which objections have been filed are very numerous. I will,

therefore, consider them in their order and briefly dispose of them.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

The testator, by the fourth clause of his will, gave a legacy to William Taft of $5,000, and, by the tenth ● clause, bequeathed the residue of his estate to the legatees mentioned in his will, in the proportion that he had before bequeathed the legacies to them severally. By the ninth clause, he provides: "If any or either of the persons to whom I have hereinbefore bequeathed a legacy shall depart this life before me, then I give and bequeath the sum of money hereinbefore bequeathed to the one so dying to his or her lawful issue then surviving." William Taft, the legatee, died before the testator, leaving two children, namely, Richard V. Taft and Benjamin E. Taft; and three grandchildren — children of a deceased son, William Y. Taft, who also died before the testator.

The children of William Y. Taft now claim, under the 4th, 9th and 10th clauses of the will, to be entitled to share in the legacy of $5,000 bequeathed to their grandfather, William Taft, *per capita* with their uncles, Richard V. and Benjamin E. Taft; so that the question before the court is—does the term " lawful issue " refer to the children of William Taft solely, or include the grandchildren, that is, the children of William Y. Taft, who died prior to the testator?

In the case of Palmer v. Horn (84 *N. Y.*, 519), Judge EARL, in expressing the opinion of the court, says: ",The word 'issue' is an ambiguous term. It may mean descendants generally, or merely children, and whether in a will it should be held to mean the

one . or the other, depends on the intention of the testator, as derived from the context or the entire will, or such extrinsic circumstances as can be considered. In the later cases there is a strong tendency, unless restrained by the context, to hold that it has the meaning of ' children.' " See, also, 4 Kent Com., 278, *note*.

In this case, there is no extrinsic evidence to make clear the intent of the testator. I, therefore, think that the word " issue " must be construed as limited to the children of William Taft, and that the surviving children take the legacy bequeathed to their father ; and that the grandchildren have no interest in it nor claim upon it.