DANIEL DALY, Plaintiff, *v.* MENDEL W. GREENBERG, Defendant.

*Meaning of the word " issue" in a will.*

A testator, by his will, devised certain real estate to his daughter as follows, viz., " during her natural life and if at the time of her death she shall have lawful issue then living I devise to such child or children the said house, lot of ground and appurtenances, to them, their heirs and assigns forever."

*Held,* that by this clause, when considered in connection with other provisions of the will, the testator intended to use the word "issue" as synonymous with " children," and not as including grandchildren or descendants generally.

SUBMISSION of a controversy pursuant to section 1279 of the Code of Civil Procedure, for the purpose of obtaining a construction of a will and enforcing the specific performance by the defendant of a contract for the purchase of real property. The question presented was whether the plaintiff acquired a title in fee simple to a certain lot of land by the conveyance thereof to him set forth in the submission, and whether the plaintiff is entitled to judgment against

the defendant for the performance by the defendant of the contract mentioned in the submission.

*Daniel Daly*, for the plaintiff.

*Samuel Campbell*, for the defendant.

Follett, J. :

January 1, 1817, Ithamar Healy died seized of a lot in the city of New York, the title to which is the subject of this controversy. He left a last will and testament, which was duly probated, by which he devised to his eldest daughter this lot "during her natural life and if at the time of her death she shall have lawful issue then living I devise to such child or children the said house, lot of ground and appurtenances to them, their heirs and assigns forever." Ann Healy and John Dick intermarried. John Dick died many years ago and Ann Healy Dick died March 20, 1890, leaving a last will and testament, by which she devised and bequeathed all of her estate to her two daughters, Louisa A. Brush and Clarissa A. Jackson. Said Ann Healy Dick had a son, Thomas Scott Dick, who died before her, leaving two sons, Joseph C. Dick and Arthur W. Dick. These sons were the only heirs of Thomas S. Dick. February 23, 1880, Arthur W. Dick left his home, saying that he was going to kill himself, since which time he has not been heard from. He had a wife, who is still living, but had no children. Afterwards Louisa A. Brush, Clarissa A. Jackson and Joseph C. Dick conveyed the lot to the plaintiff. January 24, 1893, the parties to this controversy entered into a written contract whereby the plaintiff agreed to sell and convey to the defendant, who agreed to purchase and pay for this land. The defendant now refuses to perform his contract on the ground that the plaintiff is not the owner of the entire fee. The question submitted is, did the plaintiff acquire title in fee simple by the conveyance from Louisa A. Brush, Clarissa A. Jackson and Joseph C. Dick? Otherwise stated, the question is, does the word "issue," as used in the sixth clause, by which the lot was devised to Ann Healy Dick, embrace all of her descendants living at her death, or only her children then living? If the term embraces all of her descendants living at her death it is possible that Arthur W. Dick, her grandson (a great-grandson of

testator), was alive at the date of her death, March 20, 1890, in which event he took an interest in the property. It seems to us that by the terms of the sixth clause the word " issue " was defined by the testator to mean children and that it does not include grand-children. The words are : " If at the time of her (Ann Healy Dick) death she shall have lawful issue then living, I devise to such child or children the said house, lot of ground and appurtenances to them, their heirs and assigns forever."

That the word " issue " was understood by the testator to mean children is made apparent by the language of the fourth, fifth and seventh clauses. By the fourth clause, real estate was devised by the testator to his son William Healy " during his natural life, and if at the time of his death he shall have lawful issue then living, I devise to such child or children then living, the house, lot of ground and appurtenances to them or their heirs and assigns forever."

By the fifth clause the testator devised to his son Ezra, a lot of land during his life, and the remainder was disposed of in the same words quoted from the fourth and sixth clauses. By the seventh clause the testator devised real estate to his daughter during her natural life and disposed of the remainder in the same language employed by him in the fourth, fifth and sixth clauses. Here we have four independent clauses, each devising a piece of real estate for life to a child, with the remainder disposed of by the same language. The words " issue " and " children " as used in this will have the same meaning and are synonymous. The case falls within the rule laid down in *Palmer* v. *Horn* (84 N. Y. 516), where it was said : " The word 'issue' is an ambiguous term. It may mean descendants generally, or merely children ; and whether in a will it shall be held to mean the one or the other depends upon the intention of the testator, as derived from the context of the entire will, or such extrinsic circumstances as can be considered." Here it is clear, from indications found in this will, that the testatrix used the term " issue " as synonymous with children. She did so in sev-eral clauses of the will, and in every clause under consideration the words " said children " refer to the " lawful issue " before specified. By the word " children " the testatrix, herself, has interpreted the word " issue."

It is urged that in the following clause the word " issue " is used in

a broader sense, embracing all descendants, and, therefore, it should be held that it was used in the same sense in the fourth, fifth, sixth and seventh clauses of the will. The clause referred to is as follows : "And further, if any or either of my said children (referring to the four mentioned) should die leaving no lawful issue, then I will and ordain that the part or parts hereby devised to such one or more as shall so die, shall be equally divided among the survivor or survivors of them, their heirs and assigns forever."

This clause was designed to provide for an event which has not happened, for Ann Healy Dick did not die without issue, but left her surviving two children, and the language of the sixth clause, "I devise to such child or children," carried the entire remainder to them. It follows that the plaintiff by the conveyance mentioned, acquired the absolute fee in the land, and that the defendant must perform his contract, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment for plaintiff, with costs.