(25 Misc. Rep. 268.)

### SANSON v. BUSHNELL et al.

(Supreme Court, Special Term, New York County. November, 1898.)

1. WILLS—CONSTRUCTION.
   A testator, after disposing of part of his property in a way which showed that he expected his wife to survive his daughter, left the remainder of his estate in trust for the support of his wife and daughter "during their lives, and on the death of the survivor of them" to be distributed "among the then living children" of testator's brothers. *Held,* that the property did not vest in the brothers' children until the death of the daughter, who survived the widow.

2. SAME—LEGATEES.
   A clause in a will, leaving the residue of the estate in trust for testator's widow and daughter, and upon their death to be divided "among the then living children" of his brothers, does not include descendants of the deceased children of testator's brothers.

Suit by Thomas J. Sanson, as substituted trustee, against James M. Bushnell and others. Decree for plaintiff.

Man & Man, for plaintiff.
Dunmore, Sholes & Ferris, for James M. Bushnell and others.
John P. Clarke, for Emma F. Kirby.
S. M. Wing, for Sophia E. Chapman.
Clark Brooks, for Giles F. Bushnell.
James E. Graybill, for H. B. Bushnell and others.
Fettretch, Silkman & Seybel, for E. M. Jenkins.
Wm. C. Davis, for J. N. Peale and others.

GILDERSLEEVE, J. The purpose of this suit is to pass the accounts of the plaintiff as a trustee under the last will of Giles Bushnell, deceased, and of a former trustee under the same will; and also to obtain a judicial construction of the will in question. At the trial the counsel for the respective parties stipulated that Giles Bushnell, the testator, died in 1862, leaving a will, which was proved September 2, 1862, and a copy of which is attached to the complaint; that Anna Bushnell, the testator's wife, died July 26, 1868; that Anna Maria Bushnell, the testator's daughter, died April 9, 1897; that Henry, William, and Ira Bushnell, brothers of the testator, are dead; that John A. Bushnell, son of William Bushnell, a brother of the testator, died July 16, 1874, leaving issue him surviving, viz. Horace B. and John Adams Bushnell, defendants herein; that Emanuel Bushnell, son of William Bushnell, died December 13, 1897, leaving issue him surviving, viz. John Archibald and Virginia A. Bushnell, Mary Anne Fox, and Eleanor L. Dixon, defendants herein; that, after letters testamentary had been issued to Chalkley J. Wills and John Drinker, and after they had died, James V. Kirby was duly substituted as trustee under the will, and acted as such until his death, on July 9, 1897; and that, on July 19, 1897, the plaintiff was appointed trustee under the will in the place of James V. Kirby, deceased. The counsel further stipulated that all questions touching the accounts be held in abeyance until the decision of the court construing the ninth clause of the will in question. The thirteenth article of the stipula-

tion, relating to a proposed agreement between certain of the claimants to the estate of the deceased, has been withdrawn, for the reason that the instrument was never executed by all the parties thereto.    It was further stipulated that the names and respective relationship of the descendants of the testator's brothers, William, Henry, and Ira, at the time of the death of Anna Maria Bushnell, the daughter, are correctly stated in the complaint, except that the name of the defendant James M. Peale should be James N. Peale, and the name of the defendant Henrietta Catharine should be Kate Peale Wyatt; that the testator had three brothers, viz. Henry, William, and Ira, and that the defendants constitute all their living descendants.    William Bushnell, the testator's brother, left no children living at the death of Anna Maria Bushnell, the testator's daughter, and the only children of the testator's brothers living at her death were James M. Bushnell and Henrietta W. Bushnell, children of Henry Bushnell, and Henry W. Bushnell, Charles R. Bushnell, Mary E. Plumb, and Sarah M. Bushnell, children of Ira Bushnell.    These parties claim the entire estate. The other claimants to the estate are all grandnephews or grandnieces of the testator, except Giles F. Bushnell, who is a grandson of the testator.    The grandnephews and grandnieces are the descendants of either Henry Bushnell, Ira Bushnell, or William Bushnell, brothers of the testator.

The decision of this case has been somewhat delayed, and the labor incident thereto materially increased, by the necessity of examining 80 reported cases, which the counsel in the case have, collectively, cited in their briefs.    Upon referring to these authorities, many of them have been found either to be cumulative to a particular point, or to relate to venerable principles which have long since passed out of the field of doubt or controversy.    All the counsel on either side are agreed that the focal point in the case is the true construction of that clause of the will in question which is numbered "Ninthly."    It reads as follows, viz.:

"Ninthly. All the rest, residue, and remainder of my estate I give, devise, and bequeath to my said trustees, in trust, nevertheless, to uphold and manage the same, pay taxes, assessments, insurance, and repairs, and collect the interests, rents, issues, and profits thereof, and pay and apply the same semiannually to the use, comfort, maintenance, and support of my said wife and my said daughter during their lives and the life of the survivor of them, and on the death of the survivor of them I give and devise to, and direct my said trustees to divide and distribute the same to and among, the then living children of my said brothers Henry, William, and Ira Bushnell, equally, share and share alike."

The supreme law of wills being the intention of the testator, the first question in logical order and importance is, what disposition did the testator intend to make of his estate?    Looking to the instrument itself, the character of the testator, and his family relations and circumstances, so far as they are to be gathered from the will, we find in the testator a man of business experience and training, who had acquired what 40 years ago, when he made his will, would have been regarded as a very considerable fortune.    His immediate family appears to have consisted of himself, his wife, a son, and a daughter. The last he described as his "unfortunte and afflicted daughter."    The

whole structure of the will evinces a clear conception and a well-developed plan regarding the disposition which the testator ought and intended to make of his estate. After devising to his wife the house and lot in Madison street, New York, in lieu of dower, the testator, by the fourth clause of his will, devised to trustees the premises Nos. 65 and 67 East Twenty-Ninth street, New York City, in trust to receive the rents, issues, and profits thereof, and apply them to the support of his daughter, Anna Maria Bushnell, for her life, and, after her death, to pay the rents, etc., to his wife for life. Upon the death of his wife, he gave the property in question to his grandchildren who might be living at the time of the death of the survivor of his wife and daughter. In the event of the failure of grandchildren, the testator directed his executors to sell the houses and lots which were the subjects of the trust, and divide the proceeds equally between the children of his brothers Henry, William, and Ira, "living at that time; that is, at the time of the death of the survivor of my said wife and daughter." This last sentence, quoted from the will, indicates a clear intention, emphasized by an id est, to limit the testator's bounty, so far as his brothers' children were concerned, to such of them as should be living at the time of the death of the survivor of his wife and daughter. Considering that the testator personally knew his brothers' children as his nephews and nieces, and that they had a place in his affections and in his interest, it would not be at all remarkable if he did not allow his interest and affections to extend beyond them, and to embrace their descendants, at that time probably not yet in being. At the point where grandnephews and grandnieces come in to claim a share in the affections of a greatuncle, the tie of kinship is apt to be somewhat attenuated. Doubtless, by the common consent of mankind, a man may admit his nephews and nieces to a share in his estate, and, without just reproach to either his affections or his generosity, exclude his grandnephews and grandnieces from any participation therein. A provision for the children of the testator's brothers, somewhat similar to that contained in the fourth clause of the will, is found in the fifth clause, and is expressed in the same guarded manner. And it seems to me that the same spirit is manifested in the ninth clause, in which the testator disposes of his residuary estate in trust for the benefit of his wife and daughter for life, with remainder over, after the death of the survivor of them, to "the then living children of my brothers Henry, William, and Ira Bushnell, equally, share and share alike."

In behalf of the grandnephews and grandnieces, it is argued that, because the testator apparently expected that his widow would survive his daughter, he intended that the interest of the brothers' children in his estate should vest at the time of the death of the widow, and not at the death of the survivor of the widow and daughter. But this is a construction which does violence to certain features of the will which demand attention. The affliction of the daughter, which I infer was mental as well as physical, certainly made her welfare uppermost in his thought, and his chief concern. It was natural that he should anticipate the daughter's death before that of her mother, but he was too sensible and far-sighted a man to rest upon this probability

so far as to neglect provision for a different issue in their lives. What he believed and expected regarding the duration of his widow's life was one thing, and what he intended in another and possible event, namely, the death of his widow before that of his daughter, is quite another thing. This is apparent from his repeated use of the expression, "or the survivor of them," in connection with the estates in remainder, created by the will. But, assuming the testator's intention to have been that the interest of his brothers' children in his estate should vest at the death of the widow, whether that occurred before or after the death of his daughter, the ninth clause would have to be so construed as to defeat the manifest purpose, exhibited throughout the entire instrument, to provide for both the wife and the daughter during their respective lives. For, while the trust expressed in that clause is, to quote from the will, for the "use, comfort, maintenance, and support of my said wife and my said daughter during their lives and the life of the survivor of them," the remainder estate, upon the death of the widow before the daughter, would have vested immediately in the children of the testator's brothers, and the executors could then, according to the terms of the will, have been required to divide and distribute the residuary estate to and among the children of the testator's brothers then living. This, of course, would have put an end to the trust, and to the interest of the daughter, if she survived, as she actually did, in the residuary estate, and cut her off from the enjoyment of the benefits of the trust which the testator had created for her, the chief object of his love and care. It may be said that the estate might have vested in the brothers' children at the death of the widow, while the possession and beneficial enjoyment thereof were postponed until after the death of the survivor of the wife and daughter; but such a construction is forced. The only natural interpretation of this clause is that the interest of the brothers' children was to vest in title and enjoyment at the same point of time, viz. the death of the survivor of the widow and daughter.

Counsel for the grandnephews and grandnieces have urged, with much ability and learning, that the sense of the word "children," used in the will when reference is made to the children of the testator's brothers, should be enlarged so as to include their descendants. This extension of the word "children" has been made in cases where the manifest intention of the testator required it to be done in order to effectuate that intention; and, in some instances, to prevent disinheritance of testator's lineal descendants. But this is not such a case. I conceive the intention of the testator was not to include, but to exclude, his brothers' descendants beyond the degree of children. His duty to his brothers' descendants, if he owed them any, and probably his interest in them, ceased at the point where they appeared as the grandchildren of his brothers. The rule is familiar that in a will the word "children" must be understood in its primary sense; and, as nothing appears here to indicate that the testator used the word in any other than its common signification, it must be held in this case not to include the grandchildren of the testator's brothers. See Palmer v. Horn, 84 N. Y. 516. Whether an estate is vested or contingent is, primarily, of course, a question of the intent of the

testator, as disclosed in the will. The intention of the testator, to my mind, was to constitute the children of his brothers, living at the time of the death of the survivor of his wife and daughter, a distinct class to share equally in the proceeds of the residuary estate. As a class, the members of it could not be identified until the death of the survivor of the wife and daughter. So that the persons to whom, and the event upon which, the estate was limited to take effect, were uncertain. This brings the case within the definition of a contingent estate. 1 Rev. St. p. 723, § 13. The principle which, to my apprehension, determines the true .construction of the will in question is that, "where final division and distribution are directed to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the time when the distribution or division is directed to be made." The title vests and is contingent upon survivorship. "Futurity is annexed to the substance of the gift." This principle has been enunciated in a line of authorities in this state, the latest of which are In re Baer, 147 N. Y. 348, 353, 354, 41 N. E. 702, and In re Allen, 151 N. Y. 243, 45 N. E. 554. To enlarge upon the subject would only be to quote more fully than I have already done from the language of the courts. I am constrained, by the authority of In re Tienken, 131 N. Y. 391, 404, 408, 30 N. E. 109, to hold that no equitable conversion of the residuary estate took place.

Let a decision and a decree in conformity with these views be presented for settlement on notice to all parties.