KERNOCHAN v. WHITNEY et al.

(Supreme Court, Appellate Division, First Department.　April 10, 1908.)

WILLS—CONSTRUCTION—DESIGNATION OF LEGATEES—TAKING PER STIRPES OR PER CAPITA—"ISSUE"—"DESCENDANTS."

While the word "issue" in a strictly technical meaning is equivalent to the word "descendants," and when used in a will, in the absence of other words or extrinsic circumstances requiring a different meaning, entitles remaindermen to take per capita and not per stirpes, it will not be given that meaning where the language of the will shows a different intention, and hence where a will provided for a per capita taking in equal portions by all living grandchildren, "including the issue of any grandchild or grandchildren then deceased leaving issue then alive who shall take the same share together, if more than one, which such deceased parent or parents would have taken if living," thus clearly showing

the testator's intention to apply the term only to descendants of a particular class at a particular time and to treat the child or children of each grandchild as one class, the remainder will be equally divided among the different classes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1145, 1146.

For other definitions, see Words and Phrases, vol. 3, pp. 2014–2017; vol. 8, p. 7635; vol. 4, pp. 3782, 3792; vol. 8, p. 7693.]

Appeal from Judgment on Report of Referee.

Partition proceedings by Mary S. Kernochan against Muriel E. Winthrop and others, with whom Everetta C. Whitney and others were impleaded. From an interlocutory judgment entered upon a referee's report directing a sale of real property, defendant Winthrop and others appeal. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, SCOTT, and HOUGHTON, JJ.

Bronson Winthrop, for appellant Charlotte Greenough.

John Nicolson, for appellant Louise M. Manice.

Henry F. Miller, for respondents Everetta C. Whitney et al.

J. Frederic Kernochan, for respondent Mary S. Kernochan.

Alfred G. Reeves, for respondents John P. C. Allen and another.

PER CURIAM. We are entirely satisfied with the conclusion reached by the referee, and deem it necessary to add but a single suggestion to the reasons assigned by him.

It may be conceded, as contended by the appellants, that the word "issue" in a strictly technical meaning is equivalent to the word "descendants," and when such word is used in a will, in the absence of other words or extrinsic circumstances requiring a different meaning, entitles the remaindermen to take per capita, and not per stirpes. It seems to us perfectly clear that the word "issue" was not used in this technical sense in the fifteenth clause of the will under consideration. The testator intended by the use of that word that it was to have a less extended meaning and to be applied only to descendants of a particular class at a particular time. Palmer v. Horn, 84 N. Y. 516. After providing, in a way which cannot be misunderstood, for a per capita taking in equal portions by all living grandchildren, he used words which unmistakably indicate that he intended that the issue of any grandchild who had died prior to such taking should take only the share which the parent would have taken if living, "including," he says, "the issue of any grandchild or grandchildren then deceased, leaving issue then alive who shall take the same share together if more than one, which such deceased parent or parents would have taken if living." He knew his grandchildren. He had named them in the fourth clause of his codicil. These were the persons he particularly had in mind, and he desired they should share equally in the corpus of his estate; that, if any of them died before the termination of the trust created for his children leaving issue, then such issue should represent—that is, take the place of—the grandchild who would have taken if living. The words, "who shall take the same share

together, if more than one, which such deceased parent or parents would have taken if living," when taken in connection with the testamentary scheme of the testator, indicate that he intended to treat the child or children of each grandchild as one class, and to divide the remainder equally among the different classes. Matter of Koogh, 112 App. Div. 414, 98 N. Y. Supp. 433, affirmed 186 N. Y. 544, 79 N. E. 1109; Vincent v. Newhouse, 83 N. Y. 505.

The judgment appealed from is affirmed, with costs to each of the respondents who submitted briefs on this appeal, payable out of the estate.

