(85 Misc. Rep. 615)

### UNITED STATES TRUST CO. v. KAHL et al.

(Supreme Court, Special Term, Kings County. May, 1914.)

1. WILLS (§ 634*)—CONSTRUCTION.

The fourth clause of a will provided that the residue of testator's estate should go equally to his surviving brothers and sisters, and the issue of those deceased per stirpes. A codicil provided that the residuary disposition should take effect after the death of testator's wife if she survived him, and, if not, on his decease, and that in either event it should be subject to the provision in the third clause in the will. Four of the legatees under the third clause survived testator, two of whom predeceased his widow. Testator's brothers and sisters referred to in the fourth clause were six in number, only two of whom survived testator, but died before his widow. All of testator's brothers and sisters had descendants living at the widow's death. *Held*, that the codicil provision was intended to explain or change the meaning of the fourth clause, but not the third clause; that the legacies given by the third clause vested in the respective legatees at testator's death, and should be paid to the two still living, and to the personal representatives of the two deceased; and that the residuary provisions in the fourth clause vested in the class of persons therein designated as should be living at the time of the death of testator's wife, if she survived him, and that the period of vesting in interest should be postponed until her death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*]

2. WILLS (§ 629*)—CONSTRUCTION—VESTING OF ESTATES.

The law favors that construction of a will which vests bequests at testator's death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1461, 1462; Dec. Dig. § 629.*]

3. WILLS (§ 531*)—CONSTRUCTION.

In a will, providing that the residue of testator's estate should go to his surviving brothers and sisters and the issue of those deceased, "such issue to take by representation what would have been a brother's or sister's share if living," the words quoted indicated testator's intention that each set of issue as between themselves should take per stirpes.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1143, 1144, 1148–1152; Dec. Dig. § 531.*]

Action for an accounting by the United States Trust Company, as trustee under the will of John Edward Kahl, against John Gustav Kahl and others. Judgment according to opinion.

Stewart & Shearer, of New York City (Chas. W. McKelvey, of New York City, of counsel), for plaintiff.

Wingate & Cullen, of New York City (T. Ellett Hodgskin, of New York City, of counsel), for defendants Anna Kahl and others.

SCUDDER, J. [1] The principal matter in issue is the construction of the will and codicils of John Edward Kahl. The relevant provisions of the will are as follows:

"First. I instruct my executors hereinafter named to pay all my just debts and funeral expenses as soon as convenient after my decease. Second. I give, devise and bequeath all the rest, residue and remainder of my estate, real and personal, to my wife, Mary Nye Kahl, and my brother, John Louis

Kahl, and their successors, in trust nevertheless to pay the net income thereof to my wife, Mary Nye Kahl, during her life. * * * Third. In case of the death of my said wife before me and upon her death, if she survive me, I give and bequeath to her son, Harry J. Sampson, who has been adopted by me, and is known by the name of Harry J. Kahl, the sum of five thousand dollars; to Anna Kahl, my niece, now living with me, the sum of twenty-five hundred dollars; to Laura F. Furstenberg, my wife's sister and wife of Charles Furstenberg, of Chicago, the sum of one thousand dollars; to Elizabeth P. Maxfield, half-sister of my wife, and now living with me, the sum of one thousand dollars. Fourth. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath equally, share and share alike, to my surviving brothers and sisters and the issue of those deceased; such issue to take by representation what would have been a brother's or sister's share if living."

A codicil to the will contains the following provision:

"The residuary disposition provided in the fourth clause of my will is to take effect after the death of my wife if she survives me; if not, then on my decease; and in either event to be subject to the provision in the third clause of my said will."

The testator died on May 2, 1891. His wife survived him approximately 20 years, dying on April 9, 1911. The property left by testator consisted entirely of personalty. The four legatees named in the third clause of the will survived the testator. Two of these legatees predeceased testator's wife and two survived her. The brothers and sisters of testator referred to in the fourth clause of the will were six in number. A brother and a sister survived testator and three brothers, and a sister died before he did. The brother and sister who survived died prior to the death of his widow. All of the brothers and sisters had descendants living at the death of the widow. In some cases the descendants consisted of children, grandchildren, and great grandchildren.

[2] The law favors the construction of a will which vests bequests at testator's death. The context of the Kahl will is amenable to this rule, and it should be applied in determining the time of vesting of the bequests contained in both the third and fourth clauses of the will, unless the codicil provision shows a different testamentary intention. It is apparent that the codicil provision was not intended to explain or change the third clause of the will. It follows that the legacies given by this clause vested in the respective legatees at testator's death, and should be paid to the two who are still alive and to the personal representatives of the two who are dead. It is equally clear that the codicil provision was intended to explain or change the meaning of the fourth clause. The gift of "all the rest, residue and remainder" of the testator's estate in the second clause of the will, following the instruction to pay debts and funeral expenses in the first clause, does not conflict with the gift of "all the rest, residue and remainder" of his estate in the fourth clause, following the bequests in the antecedent clauses, and the purpose of the codicil provision is not satisfactorily explained upon the ground that testator as a layman assumed that these clauses conflicted or might be construed to be conflicting. An examination of the will discloses a much better reason for the codicil provision. The language of the fourth clause left it open

to construction as to the time of vesting of the residuary provisions therein in case the testator's wife should survive him. That the purpose of the codicil provision was to obviate construction and to make clear the time of vesting of these residuary provisions finds its best support in the language of the codicil provision itself. It provides that they are "to take effect after the death of my wife, if she survive me; if not, at my death." The testator could not have used language more apt to express an intent than that the residuary provisions in the fourth clause of the will should vest in the class of persons therein designated as should be living at the time of his wife's death, if she survive him, and that the period of vesting in interest should be postponed until her death.

[3] None of testator's brothers and sisters survived the widow, and the question how the estate is to be divided among their children, grandchildren, and great grandchildren under the terms of the will remains to be considered. In Soper v. Brown, 136 N. Y. 244, 250, 32 N. E. 768, 770 (32 Am. St. Rep. 731), the court states the general rule as to division where a gift is to "issue" as follows:

"It is settled that under a gift to 'issue,' where the word is used without any terms in the context to qualify its meaning, the children of the ancestor and the issue of such children, although the parent is living, as well as the issue of deceased children, take in equal shares per capita and not per stirpes, as the primary objects of the disposition."

But after stating the rule the court makes this comment:

"It might well be doubted whether a testator actually contemplated that the children of a living parent would take an equal interest with the parent under the word 'issue,' or that the 'issue' of a deceased child should not take by representation the share of its parent."

Where the context of the will furnishes room for construction, the probability that testator in fact contemplated a per stirpes distribution among "issue" would require the favoring of that construction. Palmer v. Horn, 84 N. Y. 516; Drake v. Drake, 134 N. Y. 220, 224, 225, 32 N. E. 114, 17 L. R. A. 664; Chwatal v. Schreiner, 148 N. Y. 683, 43 N. E. 166; Matter of Tenney, 104 App. Div. 290, 296, 93 N. Y. Supp. 811; Rasquin v. Hamersley, 152 App. Div. 522, 526, 137 N. Y. Supp. 578, affirmed without opinion 208 N. Y. 630, 102 N. E. 1112. The language used in describing the residuary legatees in the fourth clause of the will now under consideration is "surviving brothers and sisters, and the issue of those deceased; such issue to take by representation what would have been a brother's or sister's share if living." It seems to me that the words, "such issue to take by representation what would have been a brother's or sister's share, if living," are sufficient to indicate testator's understanding and intent that each set of issue as between themselves should take by representation, that is, per stirpes, and this is held to be their meaning. Under such construction the share of a deceased brother or sister should be subdivided into as many shares as he or she has children and deceased children who have children living at the time of the widow's death, the share of the deceased child to be divided among his or her children. In the cases where there are children of a brother's or sister's

grandchild who died before the widow, the same method of per stirpes distribution should be followed. Assignments and the like made by children or grandchildren dying before the widow are ineffectual. Those who survived the widow take under the will.

Judgment accordingly.