IN THE MATTER OF THE APPLICATION OF HAWAIIAN TRUST COMPANY, LIMITED, A HAWAIIAN CORPORATION, TRUSTEE UNDER THAT CERTAIN DEED OF TRUST FROM ELIZABETH K. BOOTH, LAOLA E. WEST AND MARJORIE M. BOOTH, TO REGISTER AND CONFIRM THEIR TITLE TO CERTAIN LAND IN THE CITY AND COUNTY OF HONOLULU, T. H.

No. 1681.

ERROR TO LAND COURT.
HON. J. J. BANKS, JUDGE.

SUBMITTED MAY 24, 1926.            DECIDED JUNE 24, 1926.

PERRY, C. J., LINDSAY, J., AND CIRCUIT JUDGE PARSONS
IN PLACE OF BANKS, J., DISQUALIFIED.

WILLS—*construction—children—issue.*

> The will of B after devising to his widow a life estate contained the following clause: "In case my said wife shall die leaving issue by me her surviving at the time of her death, I give, devise and bequeath all my said property to such issue, but if she die without such issue her surviving, this remainder to issue shall be of no effect and the said property shall descend to her heirs, or shall vest in such person or persons as she may have disposed of the same to, either by deed, will or otherwise." *Held* that the phrase "issue by me her surviving" is equivalent to "issue by me begotten" and does not include grandchildren of testator but refers only to his children.

OPINION OF THE COURT BY LINDSAY, J.

This case comes here on a writ of error to review a decree of the judge of the land court registering and confirming the title of the Hawaiian Trust Company, Limited, Trustee, to certain land mentioned in the application for registration.

Charles W. Booth, the former owner of the land in question, died testate on July 21, 1910, leaving him surviving a widow, Elizabeth K. Booth, and two daughters, namely, Laola Booth (now Laola Booth Ross) and Marjorie Booth (now Marjorie M. Stephens). In accordance with the will of testator, duly admitted to probate, the estate was administered and the property distributed. Thereafter, on September 22, 1919, the property left by testator, including the land involved herein, was conveyed by the widow and the two daughters of testator to the Hawaiian Trust Company, Limited, by deed of trust, and, basing its claim on said deed of trust and the will of testator, the trustee filed its application to have its title as trustee registered and confirmed. In the proceedings in the land court, it appearing that Laola Booth Ross had a minor daughter named Laola Hermina Ross, a guardian *ad litem* was appointed to represent and protect the interests of said minor. The guardian *ad litem* filed an answer claiming a contingent interest in the land in the name of his ward. After a hearing the land court decreed in favor of the trustee, whereon the guardian *ad litem* sued out this writ of error.

By the will of testator, executed on January 21, 1896, some fourteen years before his death, testator, after providing for the payment of his debts and funeral expenses, gave, devised and bequeathed unto Elizabeth K. Booth, his wife, all of his property, real and personal, including the land involved herein, "she to enjoy the same and take the rents, issues and profits thereof during her life, subject to the payment by her of all government taxes, charges and assessments." Then followed certain instructions concerning several annuities to be paid to the mother and sister of testator, following which is the following clause: "In case my said wife shall die leaving issue by me her surviving at the time of her death, I give,

devise and bequeath all my said property to such issue, but if she die without such issue her surviving, this remainder to issue shall be of no effect and the said property shall descend to her heirs, or shall vest in such person or persons as she may have disposed of the same to, either by deed, will or otherwise."

The last quoted clause of the will gives rise to the controversy herein. The guardian *ad litem* contends that the clause "in case my said wife shall die leaving issue by me her surviving" means descendants and includes grandchildren of testator. The judge of the land court held that "issue by me" was equivalent to "issue by me begotten" and applied only to the children of testator, not to grandchildren or remoter descendants, and that, therefore, the minor had no interest, contingent or otherwise, in the land involved herein.

The assignments of error present but one question, namely, whether the contention of the guardian *ad litem* is sound.

The contention of the guardian *ad litem* is that, the word "issue" has a definite legal meaning signifying descendants, and that in using the words "issue by me her surviving" testator clearly had in mind the legal meaning of the word "issue" and intended that term to include his grandchildren. In support of this contention the guardian *ad litem* quotes from 33 C. J., p. 818, as follows: "Legal Meaning—In General. In its legal sense, as used in statutes, wills, deeds, and other instruments, 'issue' means descendants; lineal descendants; offspring" and the guardian *ad litem* cites several cases in which the word "issue" has been held to include grandchildren and remoter descendants. On page 820 of the same volume of Corpus Juris, in a discussion of the meaning to be accorded to the word "issue," it is stated: "The word 'issue' is not generally equivalent to 'children,' the word

'children' in its natural sense and proper signification, being employed in contradistinction to 'issue.' However, this rule is subject to some exceptions, and the terms may be used as equivalent where it is apparent that it was so intended. 'Issue' is a much more comprehensive term than 'children' or 'grandchildren.' In the ordinary parlance of laymen, 'issue' means children, and only children. But, in its ordinary legal meaning, the term 'issue' does not mean merely children, but includes descendants in any degree; and it may include grandchildren, and great-grandchildren, as well as children. Whether the term means descendants generally, or merely children, depends upon the intention, as indicated by the context in which it occurs, or by the language of the instrument. It may, when such appears to have been the intent in which the word is used, have the restricted import of children, and not to include grandchildren. But intention is required for the purpose of limiting the sense of the word 'issue' to children only."

The guardian *ad litem* earnestly urges that, inasmuch as the will herein was obviously drawn by a lawyer, the meaning of the term "issue" must be understood in its technical legal sense as denoting descendants. The authorities cited by the guardian *ad litem* in support of his contention, however, are not persuasive, for they deal generally with the construction to be placed upon the word "issue" as contained in the various instruments under consideration. In the instant case we are not required to construe the word "issue" alone, but the phrase that now gives rise to the necessity for construction is, "issue by me her surviving" and the sole question therefore is what was testator's intention when he used that expression? No citation of authorities is required for the universally recognized rule, that, in construing wills, the intention of the testator must prevail over all

other rules of construction if such intention can be gathered from the terms of the whole will.

It may be conceded that there are numerous authorities holding that the general rule is that unless some other meaning is given to it by the context, the word "issue" is not confined to children but includes descendants to any degree (see *In re Farmers' Loan & Trust Co.,* 131 N. E. 562) but, be that as it may, in the case at bar testator has defined what he meant by issue as "issue by me her surviving." "The word 'issue' is an ambiguous term. It may mean descendants generally or merely children; and whether in a will it shall be held to mean the one or the other, depends upon the intention of the testator as derived from the context or the entire will, or such extrinsic circumstances as can be considered" (citing cases). "In England, at an early day, it was held, in its primary sense, when not restrained by the context, to be co-extensive and synonymous with descendants, comprehending objects of every degree. But it came to be apparent to judges there that such a sense given to the term would in most cases defeat the intention of the testator and hence in the latter cases there is a strong tendency, unless restrained by the context, to hold that it has the meaning of children. It will at least be held to have such meaning upon a slight indication in other parts of the will that such was the intention of the testator" (citing cases). "And substantially the same rule of construction prevails in this country. In 4 Kent's Com. 278, in a note, the learned chancellor said: 'The term *issue* may be used either as a word of purchase or of limitation, but it is generally used by the testator as synonymous with child or children.'" *Palmer* v. *Horn,* 84 N. Y. 516.

The modern tendency is strictly in favor of holding the word "issue" to be the equivalent of "children" unless the text indicates a contrary intention. "For example,

where the term 'issue' has been used in a prior part of the instrument and is subsequently referred to by the words 'said children,' it is held that the testator thereby explains the sense in which he employed the former term, and the children will take to the exclusion of grandchildren." 2 Alexander on Wills, Sec. 849.

In the instant case there can scarcely be a doubt that when testator used the phrase "issue by me her surviving" he had in mind children and not grandchildren. The will was executed shortly after the marriage of testator and before even children of the marriage had been born, and it does not seem likely that at that early date testator had in mind grandchildren.

We agree with the judge of the land court that "issue by me" as used in the will, should be construed as being equivalent to "issue by me begotten," and, as a man does not beget his grandchildren, it cannot be said that testator had grandchildren in mind when he made his will. Under this construction the grandchild of Booth has no interest in his estate, either vested or contingent, and the decree of the land court is affirmed.

*J. B. Poindexter,* Guardian *ad litem,* for Laola Hermina Ross, a minor, plaintiff in error.

*Prosser, Anderson & Marx* for Hawaiian Trust Company, Limited; *Thompson, Cathcart & Beebe* for Laola Booth Ross, and *Smith, Warren, Stanley & Vitousek* for Marjorie M. Stephens, defendants in error.